UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL SIMONY,

      Plaintiff,

v.                        Case No: 2:14-cv-387-FtM-29DNF

FIFTH     THIRD     MORTGAGE
COMPANY,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendant's Motion to Dismiss (Doc. #11) filed on July 29, 2014. Plaintiff filed a Response (Doc. #14) on August 12, 2014. For the reasons set forth below, the motion is granted.

## I.

Plaintiff Michael Simony (Plaintiff or Simony) has filed a nine-count Complaint (Doc. #2) against Defendant Fifth Third Mortgage Company (Defendant or Fifth Third), concerning the appraisal of a property purchased by Simony using the proceeds of a mortgage he obtained from Fifth Third. The underlying facts, as set forth in the Complaint, are as follows:

In 2006, Simony purchased a property (the Property) in Cape Coral, Florida for $165,000. (Id. at ¶ 6.) Carl J. Russell (Russell) and David A. Wittig (Wittig), appraisers chosen by Fifth Third, appraised the Property at $165,000. (Id. at ¶ 7.) Based

on that appraisal, Simony obtained a mortgage secured by the Property from Fifth Third in the amount of $165,000. (Id. at ¶¶ 7-9.) According to Simony, the appraisal was a "grossly-inflated estimate of the value of the [P]roperty," as evidenced by the fact that the Property sold for only $30,000 in 2004 and was most recently assessed by the Lee County Property Appraiser at a value of $7,800. (Id. at ¶¶ 14-16.) Simony further alleges that Russell, Wittig, and Fifth Third knew or should have known that the appraisal was grossly inflated but, nevertheless, represented to Simony that the appraisal was accurate in order to induce him to agree to the mortgage on inflated terms. (Id. at ¶¶ 24-29.)

Based on these allegations, Simony brings claims against Fifth Third for reformation of the mortgage due to mutual mistake (Count I); negligent misrepresentation (Count II); negligence (Count III); unjust enrichment (Count IV); breach of fiduciary duty (Count V); fraud in the inducement (Count VI); constructive fraud (Count VII); a violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) (Count VII); and a violation of the Florida Fair Lending Act (FFLA) (Count IX).

Fifth Third now moves to dismiss the Complaint, arguing (1) that Florida law precludes claims brought by borrowers premised on allegedly fraudulent appraisals; (2) that the terms of both the appraisal and Simony's mortgage application preclude him from relying on the accuracy of the appraisal; (3) that Simony's fraud claims are not pled with the specificity required by Rule 9(b) of

the Federal Rules of Civil Procedure; (4) that Simony's claims are barred by the statute of limitations; (5) that Simony's FFLA claim fails because the FFLA does not apply to investment properties; and (6) that Simony cannot maintain a claim for unjust enrichment because he concedes that he has a contractual relationship with Fifth Third.[1]  Simony responds that all counts are adequately pled.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take

---

[1] Fifth Third also asserted that Simony's negligence claim is barred by Florida's economic loss rule, but has since withdrawn that portion of its motion.  (Doc. #16.)

them in the light most favorable to plaintiff, <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," <u>Mamani v. Berzain</u>, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." <u>Chaparro v. Carnival Corp.</u>, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Iqbal</u>, 556 U.S. at 679.

## III.

### A.   Statute of Limitations (Counts II-IX)

Under Florida law, a four-year limitations period applies to actions founded on negligence, fraud, statutory liability, and any other causes of action for which a specific limitations period is not prescribed by Statute. Fla Stat. § 95.11(3). Counts II-IX are each subject to this four-year limitations period. "[T]he time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." <u>Id.</u> § 95.031. The Complaint was filed in state court on May 15, 2014.

(Doc. #2.)  Therefore, Counts II-IX are time-barred if they accrued earlier than May 14, 2010.

Typically, a cause of action accrues "when the last element constituting the cause of action occurs."  Id. § 95.031(1).  However, actions sounding in fraud do not accrue until "the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence."  Id. § 95.031(2)(b).  Accordingly, fraud causes of action are barred four years after the plaintiff knew or should have known that the fraud occurred.  Bearse v. Main St. Investments, 220 F. Supp. 2d 1338, 1345 (M.D. Fla. 2002).  Here, the Court need not parse which causes of action do and do not sound in fraud (or are subject to similar rules delaying accrual based upon a plaintiff's lack of knowledge) because the Court concludes that Counts II through IX are time-barred even if each count did not accrue until Simony knew or should have known of the facts giving rise to his claims.

Each of Simony's nine counts is premised upon his contention that Russell's and Wittig's appraisal of the Property was "grossly-inflated" and did not reflect its true value.  In support of this contention, Simony attached to the Complaint[2] the Lee County

---

[2] Exhibits to a Complaint "are part of the pleading for all purposes" and, therefore, are properly considered for the purposes of a motion to dismiss.  Arthur v. Thomas, 674 F.3d 1257, 1265 (11th Cir. 2012) (quoting Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205 (11th Cir. 2007).

Property Appraiser's report for the Property. (Doc. #2-4.) The report shows that the Property was valued at $118,650 in 2006, $63,000 in 2007, $23,000 in 2008, $14,000 in 2009, and $11,000 in 2010. (Id.) Therefore, the Court finds that, on or before May 14, 2010, Simony knew or should have known that the value of the Property was significantly lower than the price he paid for it. By that point, the Lee County Property Appraiser had, for two consecutive years, determined that the Property was worth *less than ten percent* of the purchase price. Indeed, the Property was appraised at less than forty percent of the purchase price as early as 2007—seven years prior to the filing of the Complaint.

Accordingly, Simony cannot plausibly allege that, by May 14, 2010, he did not know (or could not have known) of the drastic difference between the price he paid and the then-current value of the Property. See McCullough v. United States, 607 F.3d 1355, 1359 (11th Cir. 2010) ("a plaintiff may not bury his head in the sand" once the facts giving rise to his claim are "reasonably knowable") (quoting Diaz v. United States, 165 F.3d 1337, 1339 (11th Cir. 1999). As the difference in value is the only allegation supporting Simony's causes of action in this case, and the Complaint does not allege any misconduct by Fifth Third, Russell, or Wittig after the transaction closed in 2006, the Court concludes that the causes of action in Counts II through IX accrued no later than May 14, 2010.

Simony argues that his causes of actions are not time-barred because each monthly mortgage payment constitutes a new injury, thereby restarting the limitations period.   The Court disagrees. To the extent Simony was injured, that injury occurred when he agreed to an allegedly-inflated mortgage.   Although the mortgage specified that payment would be made in monthly installments, and Simony has continued to make those payments, this is insufficient to toll the limitations period.   A contrary conclusion would allow borrowers to unilaterally and indefinitely extend the deadline for bringing an action simply by making their monthly mortgage payments, an outcome Florida courts have rejected in other cases concerning statutes of limitations.   See, e.g., Brown v. Nationscredit Fin. Servs. Corp., 32 So. 3d 661, 663 (Fla. 4th DCA 2010); S. Motor Co. v. Doktorczyk, 957 So. 2d 1215, 1218 (Fla. 3d DCA 2007).   Accordingly, Counts II through IX are dismissed as untimely pursuant to Fla. Stat. § 95.11.

**B.    Reformation of the Note and Mortgage (Count I)**

Count I is an equitable action seeking reformation of a written contract and, therefore, is subject to a five-year limitations period.   Fla. Stat. § 95.11(2).   Simony alleges that the parties intended for the mortgage to reflect the actual value of the Property and that, due to the grossly-inflated appraisal, the parties were mutually mistaken in their belief that the actual value was $165,000.   Simony requests that the mortgage be reformed so that it reflects the actual value of the Property.

"[A] statute of limitations begins to run when there has been notice of an invasion of legal rights or a person has been put on notice of his right to a cause of action." Reisman v. Gen. Motors Corp., 845 F.2d 289, 291 (11th Cir. 1988) (quoting Kelley v. School Bd., 435 So. 2d 804, 806 (Fla. 1983)). Therefore, the limitations period for Count I expired five years after Simony knew or should have known of the mistake. Id. As with Counts II through IX, the only allegation supporting the alleged mistake is the fact that the Property was subsequently appraised for far less than its purchase price. As explained above, the Court concludes that Simony knew or should have known that the Property was worth substantially less than he paid for it on or before May 14, 2010. However, given the five-year limitations period applicable to contract causes of action, Simony could plausibly allege that he did not know of the facts giving rise to Count I until sometime between May 14, 2009 and May 14, 2010, thereby making Count I timely filed. Nevertheless, Count I is subject to dismissal for failure to state a claim upon which relief can be granted.

"Under Florida law, a court of equity has the power to reform a written instrument where, due to a mutual mistake, the instrument as drawn does not accurately express the true intention or agreement of the parties to the instrument." In re United Tile & Stone, Inc., 449 F. App'x 901, 905-06 (11th Cir. 2011) (internal quotation marks omitted). "Reformation only corrects the defective written instrument so that it accurately reflects the

true terms of the agreement actually reached.  A mistake is mutual when the parties agree to one thing and then, due to either a scrivener's error or inadvertence, express something different in the written instrument." Id. at 906 (internal citations and quotation marks omitted).  Thus, in order to state a claim for reformation, Simony must allege that there was an agreement between him and Fifth Third for a mortgage in an amount less than $165,000. Id. at 905-06.  Simony's allegation that the parties agreed to a mortgage for an unspecified "actual value" is insufficient, because it is indisputable that a mortgage must contain an actual dollar amount.  Accordingly, Count I is dismissed for failure to state a claim upon which relief can be granted.

**IV.**

In the alternative, if not barred by the statute of limitations, Counts II-IX fail to state plausible causes of action.

**A.   Negligent Misrepresentation (Count II)**

Under Florida law, a claim for negligent misrepresentation comprises four elements:  (1) a misrepresentation of a material fact; (2) the representer negligently failed to ascertain the truth or falsity of the misrepresentation; (3) intent that the misrepresentation induce another to act on it; and (4) an injury to a party acting in justifiable reliance[3] on the

---

[3] While Plaintiff correctly notes that justifiable reliance is not an element of a claim for fraudulent misrepresentation, it is an element of a claim for negligent misrepresentation. See Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010) ("[A] recipient of an

misrepresentation. <u>Souran v. Travelers Ins. Co.</u>, 982 F.2d 1497, 1503 (11th Cir. 1993) (quoting <u>Hoon v. Pate Constr. Co.</u>, 607 So. 2d 423, 427 (Fla. 4th DCA 1992).

Here, Simony has not adequately alleged that Fifth Third misrepresented a material fact. While the Court assumes for the purposes of this motion that the Property was not worth its $165,000 purchase price, Simony has not adequately alleged that Fifth Third ever represented otherwise. Indeed, Simony does not allege that Fifth Third made *any* representations regarding the value of the Property. Simony does not assert that Fifth Third ever expressed a direct opinion as to the true value of the Property. Instead, Simony contends that such a representation can be imputed to Fifth Third because the $165,000 appraisal value was used in the mortgage documents and because Fifth Third reviewed the work of its hired appraisers.

However, while the mortgage documents attached to the Complaint state that Simony was obligated to repay the $165,000 he borrowed from Fifth Third, Simony does not identify (and the Court was unable to find) any provisions in which $165,000 was listed as the correct value of the Property. Additionally, Simony does not cite (and the Court is not aware of) any authority holding that a

---

erroneous representation cannot hide behind the unintentional negligence of the misrepresenter when the recipient is likewise negligent in failing to discover the error.") (internal quotation marks omitted).

lender is deemed to have represented to a borrower than an appraisal reflected the true value of the property simply because the lender reviewed the performance of its hired appraisers as part of its general lending policies.

Moreover, in his mortgage application,[4] Simony explicitly acknowledged that Fifth Third had made no representation concerning the value of the Property. Simony's application states that "neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property." (Doc. #11-1, p. 14.) Such a disclaimer precludes Simony from recovering on his negligent misrepresentation claim. G Barrett LLC v. Ginn Co., No. 09-CV-374, 2011 WL 6752551, at *5 (M.D. Fla. Dec. 13, 2011) aff'd, 494 F. App'x 944 (11th Cir. 2012) ("[T]he fact that the contracts explicitly provide that the Plaintiffs cannot rely on any statements by [the lender] concerning the value of [the property],

---

[4] Although the mortgage application is not one of the documents attached to the Complaint, the Complaint references and relies upon other documents executed as part of the same mortgage transaction and relies upon representations allegedly made by Fifth Third in those documents. Therefore, the Court may consider it in the context of a motion to dismiss. See Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal . . . .").

precludes the Plaintiffs from recovering damages for relying on those same statements—they cannot rely on something that they were expressly told not to accept (and which they agreed not to rely upon when they signed the loan application and agreement).”). Accordingly, Count II is dismissed for failure to state a claim upon which relief can be granted.

**B.   Negligence (Count III)**

A cause of action based on negligence comprises four elements: (1) a duty owed by the defendant to the plaintiff; (2) breach of that duty; (3) a causal connection between defendant's breach and plaintiff's injury; and (4) actual loss or damage. Clay Elec. Co-op., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003). Thus, “[u]nder Florida law, no defendant may be held liable for negligence unless he or she owes a legal duty to protect the plaintiff from harm.” Motorcity of Jacksonville by & Through Motorcity of Jacksonville v. Se. Bank, N.A., 83 F.3d 1317, 1341 (11th Cir. 1996), vacated on other grounds sub nom. Hess v. FDIC, 519 U.S. 1087 (1997).

Here, Simony has not adequately alleged that Fifth Third owed him a duty recognized under Florida law. Simony alleges that Fifth Third owed him a duty to select competent appraisers in order to insure accurate property valuations, and that it breached that duty by selecting Russell and Wittig. However, “[i]n an arms-length transaction . . . there is no duty imposed on either party to act for the benefit or protection of the other party . . . .”

12

Maxwell v. First United Bank, 782 So. 2d 931, 934 (Fla. 4th DCA
2001) (quoting Watkins v. NCNB Nat. Bank of Florida, N.A., 622 So.
2d 1063, 1065 (Fla. 3d DCA 1993)); see also Zaffrullah v.
Countrywide Home Loans, Inc., No. 09-CV-61142, 2010 WL 503074, at
*5 (S.D. Fla. Feb. 8, 2010).   Thus, "[w]ith respect to loan
transactions, Florida law does not impose any duty on the lender
to monitor the projects it finances for the protection of the
borrower," and, therefore, to be held liable for negligence, Fifth
Third would have had to voluntarily assume a duty to protect
Simony.   Motorcity, 83 F.3d at 1341.

       More specifically, because appraisals are for the benefit of
the lender, not the borrower, absent special circumstances, a
borrower such as Simony cannot allege a negligence duty owed to
him by the lender in connection with an allegedly faulty appraisal.
D.H.G. Properties, LLC v. Ginn Companies, LLC, No. 09-CV-735, 2010
WL 5584464, at *9 (M.D. Fla. Sept. 28, 2010).   Here, the Complaint
does not allege that Simony and Fifth Third's relationship was
anything other than that of a typical borrower and lender.
Accordingly, Count III is dismissed for failure to state a claim
upon which relief can be granted.

C.   **Unjust Enrichment (Count IV)**

       "A claim for unjust enrichment has three elements: (1) the
plaintiff has conferred a benefit on the defendant; (2) the
defendant voluntarily accepted and retained that benefit; and (3)
the circumstances are such that it would be inequitable for the

defendants to retain it without paying the value thereof." Virgilio v. Ryland Grp., Inc., 680 F.3d 1329, 1337 (11th Cir. 2012); Fla. Power Corp. v. City of Winter Park, 887 So. 2d. 1237, 1241 n.2 (Fla. 2004).

Here, Simony alleges that he conferred the benefit of inflated mortgage payments upon Fifth Third, that Fifth Third accepted the inflated payments, and that it would be inequitable for Fifth Third to retain the portion of Simony's mortgage payments which result from the inflated value of the Property. Simony alleges that it is inequitable for Fifth Third to retain the entirety of his mortgage payments because he would not have entered into the mortgage (or would have entered into a mortgage in a lesser amount) had Fifth Third not misrepresented that the true value of the Property was $165,000. However, as set forth above, that allegation must be disregarded because Simony acknowledged that neither Fifth Third nor its agents made any representations concerning the value of the Property. Absent that allegation, the Complaint contains no factual support for Simony's contention that Fifth Third was unjustly enriched. Accordingly, Count III is dismissed for failure to state a claim upon which relief can be granted.

**D.   Breach of Fiduciary Duty (Count V)**

Under Florida law, the elements of a claim for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) a breach of that duty; and (3) damages proximately caused by the

breach.  Gracey v. Eaker, 837 So. 2d 348, 353 (Fla. 2002).  "[I]n an arms-length commercial transaction, there is no duty on either party to act for the benefit or protection of the other party. Under Florida law, this rule extends to a lender and borrower such that a lender does not ordinarily owe fiduciary duties to its borrower."  Linville v. Ginn Real Estate Co., LLC, 697 F. Supp. 2d 1302, 1307 (M.D. Fla. 2010) (internal citation and quotation marks omitted).  "However, if a bank transacts with a customer with whom the bank established a relationship of trust and confidence and the transaction is one from which the bank is likely to benefit at the customer's expense, the bank assumes a duty to disclose to the customer a fact (1) material to the transaction, (2) peculiarly within the bank's knowledge, and (3) not otherwise available to the customer."  2021 N. Le Mans, LLC v. Fifth Third Bank, No. 10-CV-655, 2010 WL 1837726, at *2 (M.D. Fla. May 3, 2010) (quoting Barnett Bank of West Fla. v. Hooper, 498 So. 2d 923, 925 (Fla. 1986)).

Thus, the determination of whether a lender owed a fiduciary duty to a borrower hinges on "whether the bank voluntarily assumed some kind of duty to act for the borrower's benefit and protection."  D.H.G. Properties, LLC v. Ginn Companies, LLC, No. 09-CV-735, 2010 WL 5584464, at *8 (M.D. Fla. Sept. 28, 2010) (internal quotation marks omitted).  In making that determination, courts consider whether "the bank knows or has reason to know that the customer is placing his trust and confidence in the bank and

15

is relying on the bank so to counsel and inform him, or where other special circumstance[s] exist, including where the lender 1) takes on extra services for a customer, 2) receives any greater economic benefit than from a typical transaction, or 3) exercises extensive control." Id.

Here, Simony alleges that Fifth Third owed him a fiduciary duty because he "depended on Fifth Third with respect to the appraisal process, and Fifth Third undertook to protect Plaintiff in this respect by developing various detailed policies and underwriting processes" regarding appraisals.  However, other than these conclusory allegations, Simony has not alleged any facts that would suggest that his relationship with Fifth Third was any different than a typical lender-borrower relationship where no fiduciary duty is owed.  Indeed, as the Eleventh Circuit has explained, appraisals are performed for the benefit of the lender, not the borrower, McGee v. First Fed. Sav. & Loan Assoc., 761 F.2d 647, 648-49 (11th Cir. 1985), so the mere fact that Fifth Third knew that Simony received the appraisal is insufficient to transform a typical lender-borrower relationship into a fiduciary one.  Accordingly, Simony has not adequately alleged the existence of a fiduciary relationship and, therefore, Count V is dismissed for failure to state a claim upon which relief can be granted.

**E.   Fraud in the Inducement (Count VI)**

In order to prevail on a claim for fraudulent inducement, a plaintiff must prove the following elements: "(1) a false statement

16

concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." Johnson Enterprises of Jacksonville, Inc. v. FPL Grp., Inc., 162 F.3d 1290, 1315 (11th Cir. 1998) (citing Johnson v. Davis, 480 So.2d 625, 627 (Fla. 1985)).  As with his claim for negligent misrepresentation, Simony alleges that Fifth Third (through its agents Russell and Wittig) misrepresented the value of the Property in order to induce him to agree to the mortgage.  However, as explained above, Simony expressly acknowledged that neither Fifth Third nor its agents made any representations concerning the value of the Property.  (Doc. #11-1.)  Accordingly, Simony has not adequately alleged a false statement concerning a material fact and, therefore, Count VI is dismissed for failure to state a claim upon which relief can be granted.  See G Barrett LLC, 2011 WL 6752551, at *5 ("While a plaintiff may not need to prove in an intentional misrepresentation case that he justifiably relied upon the misrepresentations, he nevertheless must be held responsible for understanding the terms of a contract that he freely and voluntarily enters into, and which expressly belies the alleged false statements.").

## F.  Constructive Fraud (Count VII)

"A constructive fraud is deemed to exist where a duty under a confidential or fiduciary relationship has been abused" and the

result of that abuse is the equivalent of fraud.  *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 764 F.3d 1327, 1339 (11th Cir. 2014) (quoting *Rogers v. Mitzi*, 584 So. 2d 1092, 1094 (Fla. 5th DCA 1991).  As explained above, Simony has not adequately alleged the existence of a fiduciary relationship between him and Fifth Third.  Accordingly, Court VII is dismissed for failure to state a claim upon which relief can be granted.

## G.    **Florida Deceptive and Unfair Trade Practices Act (Count VII)**

FDUTPA provides a civil cause of action for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Sta. § 501.204(1).  "A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006), *review denied*, 962 So. 2d 335 (Fla. 2007).  However, "a plaintiff has no FDUTPA claim where he signed a contract whose terms expressly contradict any misrepresentations on which he relied." *Zlotnick v. Premier Sales Grp., Inc.*, 431 F. Supp. 2d 1290, 1295 (S.D. Fla. 2006) *aff'd*, 480 F.3d 1281 (11th Cir. 2007); *see also Rosa v. Amoco Oil Co.*, 262 F. Supp. 2d 1364, 1368 (S.D. Fla. 2003).  Here, Simony's mortgage application expressly contradicts his allegation that he relied on Fifth Third's alleged representations concerning the value of the

Property.   Accordingly, Count VIII is dismissed for failure to state a claim upon which relief can be granted.

## H.   Florida Fair Lending Act (Count IX)

Simony alleges that Fifth Third violated the FFLA by "engag[ing] in a[] pattern or practice of extending high-cost home loans to borrowers based upon the borrowers' collateral without regard to the borrowers' ability to repay the loan, including the borrowers' current and expected income, current obligations, and employment."  Fla. Stat. § 494.00791(6) (2013).  When it was in effect[5], the FFLA adopted by reference the definition of "high-cost home loan" used in the federal Truth in Lending Act, 15 U.S.C. § 1602.  Fla. Stat. § 494.0079 (2013).  In turn, the Truth in Lending Act provides that a mortgage loan is not "high-cost" unless it is, *inter alia*, "secured by the consumer's principle dwelling." 15 U.S.C. § 1602(bb).

Here, it is clear from the Complaint and its exhibits that the Property was not Simony's principle dwelling.  Simony states that the Property is vacant land he purchased as an investment, and the Lee County Property Appraiser report attached to the Complaint confirms that the Property does not contain any buildings.  (Doc. #2, ¶ 13; Doc. #2-4.)  Thus, the mortgage obtained by Simony from Fifth Third was not secured by his

---

[5] The Florida Legislature repealed the Florida Fair Lending Act effective July 1, 2014, approximately two months after Plaintiff commenced this case.  2014 Fla. Sess. Law Serv. Ch. 2014-91.

principle dwelling and, therefore, was not a "high-cost home loan" as defined by the FFLA.  Accordingly, Count IX is dismissed for failure to state a claim upon which relief can be granted.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #11) is **GRANTED** and the Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order. The motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of October, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record